In the Matter of Donald F. X. Finn, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, March 12, 1970.

*John G. Bonomi* of counsel (*Judith Bader York* with him on the brief), for petitioner.

No appearance by respondent.

*Per Curiam.* Respondent, an attorney admitted to practice March 19, 1958, in the First Judicial Department, is charged with serious professional misconduct, including conversion of clients' funds and neglect of their interests.

The charges, which were alleged and established, include the following: (I) He collected over $17,000 in claims arising out of the death of his client's husband, turning over to her only $1,000, ignoring requests for accounting, and falsely advising petitioner's counsel that he had turned the money over to a successor attorney consulted by the client. (II and III) Retained by a client in connection with her late husband's estate, he disbursed to her or in her behalf approximately $18,000 out of $86,000 received by him, ignoring repeated requests for accounting. He set up an *inter vivos* trust for the benefit of the same client's children, of which he was designated a cotrustee, receiving as the corpus thereof $19,000 from the estate, for which he never accounted, resigning as trustee when pressed by petitioner's counsel for an explanation, and falsely promising to

turn the corpus over to his cotrustee. (IV) When the complaint in an action commenced by him in Civil Court for personal injuries to a client was dismissed without opposition, and his motion to vacate the dismissal was thereafter denied for lack of an affidavit of merit, he did nothing further to supply the defect and falsely claimed, contrary to court records, that his client had been represented by another. The charges embracing all the foregoing were sustained by the Referee on ample evidence,

In addition, the Referee sustained a charge that respondent had unreasonably failed to co-operate in many details with petitioner Association of the Bar during investigation of the charges against him. Though respondent had appeared at the hearings, represented by counsel, and testified, no memorandum was submitted in his behalf either to the Referee or on this motion, for, after termination of the hearings, respondent permitted his attorney to resign because of respondent's failure to co-operate with him, and thereafter failed to communicate either with petitioner or the Referee.

The Referee's report is confirmed in all respects.

Respondent clearly lacks the character and fitness requisite for an attorney and counselor at law. In view of the gravity of his conduct, he should be disbarred. (*Matter of Whitaker*, 30 A D 2d 162; *Matter of Leyton*, 30 A D 2d 152; *Matter of Turk*, 25 A D 2d 255.)

CAPOZZOLI, J. P., McGIVERN, MARKEWICH, NUNEZ and TILZER, JJ., concur.

Respondent disbarred, effective April 13, 1970.